Turley, J.
delivered the opinion of the court.
This is a prosecution on the part of the State against defendants Wm. G. Brownlow and James Cummings, commenced in the Circuit Court of Jefferson, for a libel on Lewis Reneau *64 the prosecutor: there is a demurrer on the part of the defendants to the bill of indictment, which was sustained by the Circuit Judge and thereupon the State appeals to this court.
The indictment is voluminous, containing but one count, in which are several different specifications of libelous matter, as contained in an article published in the Jonesborough Whig, of which the defendant, Wm. G. Brownlow is editor and proprietor, and which article was written by the defendant, James Cummings. To the bill of indictment several exceptions are taken upon the demurrer in this court, but two of which we consider it necessary to investigate, as they are the most material, and settle the question as to the validity of the indictment.
1st. It is contended that the several specifications of libelous matter in the bill of indictment are not set forth in legal form, that is to say, that the specifications of the libel are set forth according to its substance, and not according to its tenor or in /¿cec verba.
It is well settled that the specification of a libel must be according to the tenor of the libel, and not according to its substance or effect. In Archbold’s Criminal Plead. 17, it is said, “In an indictment for a libel the libelous matter must be set forth verbatim. 6th T. Rep. 162 to the same effect: see 1st Chitty’s Crim. Law 192,193, 242,243. In the case of Wright vs Clements 5th Com. Law, Rep. 35S, the declaration stated that the defendant published a libel containing false and scandalous matter concerning the plaintiff in substance as follows, and then set out the libel with inuendoes, and it was held by the court of King’s Bench to be bad in arrest of judgment, because to use the words of Chief Justice Abbott, “in actions for libel the law requires the very words of the libel to be set out in the declaration, in order that the court may judge whether they constitute a ground of action.” More authorities might be cited to this point were it necessary, but it is incon-trovertable.
When it is necessary to set forth an instrument of writing it maybe prefaced by the words “to the tenor following” or “in these words” or “as follows” or “in the words and figures following” for though the setting forth the instrument by the ten- *65 or which imports an accurate copy has been considered to be most technical, yet it has been holden that “as follows” is equivalent thereto, and that if under such an allegation the prosecutor fail in proving the instrument verbatim as laid, the variarfce will be fatal, and unless the indictment by these or similar expressions, profess to set out a copy of the instrument in words and figures it will be invalid; 1st Chitty, Crim. Law, 192.
How does the libelous matter in this bill of indictment purport to be set forth? As follows: “In a certain part of which said libel is contained among other things in substance the following false, scandalous, malicious, libelous, defamatory matters, and things according to the tenor and effect following, that is to say.”
Now does this allegation purport to set forth the libel according to its tenor, or according to its substance and effect? We are constrained to say that it is according to its substance and effect, and not its tenor. “In a certain part of which said libel is contained among other things in substance to the tenor and effect following;” that is, the substance of the libel is to the tenor and effect following, is in the words and figures following: then it is the tenor and effect of the substance of the libel, and not the libel that is purported to be set forth. This according to the authorities above quoted is defective. The case of Dominus Rex vs. Bear, 2d Salk, 417, referred to by the Attorney General, is not in conflict wdth this view of the case; it merely determines that when the words tenor and effect, or both are used, the bill of indictment is good, because the word tenor aids the word effect, which of itself would be bad; indeed the case is an authority in favor of the position assumed in the one under consideration.
2d. It is contended that the bill of indictment is defective, because in all the different specifications of the libel as set forth after the first, there is no averment that the words were published of and concerning Lewis Reneau the prosecutor, and of whom the first specification charges the words to have been published.
We are of opinion that the bill of indictment is also defective for this cause. In Archbolds’ Criminal Law, 250, it is said:— *66 If parts of the publication be selected, they must be set forth thus: “in a certain part of which there were and are contained certain false, wicked, malicious, scandalous, seditious and libelous matters of and concerning, &c., according to the tenorand effect following.” “And in a certain other part” &c., 1st Camp. 350. Authorities might also be multiplied upon this if it were necessary but it is too well settled to need it, and for a very good reason; for though one portion of the libel may be of and concerning the prosecutor, non constat, that every specification in it is; therefore the necessity that every new specification should alledge the words published to have been of and concerning the prosecutor.
It is urged by the Attorney General that the offence of publishing a libel is a misdemeanor, and therefore the proceedings are not to be so strictly scrutinised as in cases of crimes.
The publication of a libel it is true is a misdemeanor, but prosecutions for these offences have always both in England and the United States been watched with great jealousy as in their nature tending to muzzle the press and repress free investigation of public matters and men, therefore the greatest strictness has always been required in the pleadings thereon, and we do not feel ourselves warranted in departing therefrom.
Let the judgment of the Circuit Court be affirmed.